IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GEORGE MICHAEL BROOKS                                                                        PLAINTIFF

     v.        Civil No. 13-3028

CITY OF BERRYVILLE; CITY OF
BERRYVILLE POLICE DEPARTMENT;
DETECTIVE ROBERT BARTOS,
Berryville Police Department                                                                 DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

  This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed *in forma pauperis* (IFP)(Doc. 3).

  The case is before me for pre-service screening. Pursuant to 28 U.S.C. § 1915(e)(2) the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

  **1. Background**

  According to the allegations of the complaint, on September 12, 2011, Plaintiff was involved in a car chase and shot by either a Berryville Police Officer, possibly Daniel Crawford, or a Carroll County Sheriff's deputy, possibly Jason Hunt. At the time he was shot, Plaintiff maintains he was merely trying to pull forward to "talk to the very young man who was chasing [him] with no lights or siren" and no markings indicating it was a police vehicle. Doc. 1 at pg. 16. He maintains the

AO72A
(Rev. 8/82)

accusation that he was "going to 'ram' this fake police car with [his] jeep is absurd and trumped up to justify their violence against" him. Id.

Plaintiff was charged with three counts of aggravated assault, fleeing, and reckless driving. Doc. 1-1 at pg. 6. A mental examination was ordered pursuant to Arkansas Code Annotated § 5-2-305 et al. Id. at pg. 5. On December 14, 2011, based on the report of the examination, a judgment of acquittal due to mental disease or defect was entered pursuant to § 5-2-313. Id. at pgs. 1-3. Plaintiff was ordered to be delivered to the care, custody, and control of the Director of Human Services for evaluation and treatment. Id. at pg. 3. Within thirty days following the entry of the order of acquittal, the Director was to file a psychiatric or psychological report with the Pulaski County Circuit Court and a hearing was to be held pursuant to § 5-3-314 within ten days of the filing of the report.

Plaintiff maintains that he was terrorized by a "fake" police car, falsely accused, wrongfully imprisoned, and now is being wrongfully held pursuant to an order of commitment. As relief, Plaintiff states he mainly wants his freedom. However, he also seeks both compensatory and punitive damages.

**2. Discussion**

This case is subject to dismissal. First, Plaintiff may not collaterally attack the state court judgment of acquittal. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004)("Archuleta may not collaterally attack his decision to assert a successful insanity defense.")(citation omitted).

Second, no Due Process or Equal Protection claim has been stated. The applicable Arkansas statutes provide a procedure for the acquittee to seek discharge or release. Ark. Code Ann. § 5-2-315. Plaintiff has not challenged the constitutionality of this procedure or asserted that it was not an available recourse for him. Id. The applicable provisions provide that an acquittee may file a motion for release every one-hundred and eighty days. Id.

Third, "[a] to state judicial action involved in the commitment and release of criminal defendants abstention is compelled by the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669(1971)(*Younger*), which restricts federal court interference with state court criminal proceedings." *Coley v. Clinton*, 635 F.2d 1364, 1371 (8th Cir. 1980). The Eighth Circuit in *Coley* rejected arguments that the state court proceedings were no longer pending when the appellants were committed to the state hospital and noted such proceedings were in aid of and closely related to criminal statutes. *Id.* (internal quotation marks and citation omitted). The Court found *Huffman v. Pursue, Lt.,* 420 US. 592, 607-11 (1975) dispositive of the issues and held that the "appellants cannot avoid *Younger* simply by failing to appeal the state court commitment orders." *Coley*, 635 F.2d at 1371.

### 3. Conclusion

For the reasons stated, I recommend that this action be dismissed as the claims are frivolous or fail to state claims upon which may be granted. 28 U.S.C. § 1915(e)(2).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of April 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE